■ EDWARD ERSSON, Plaintiff, and RICHARD D. HEGENAUER, Respondent, v. MATTHEW WESTERICH, Appellant.— Order, entered November 5, 1964, unanimously reversed, on the law, on the facts, and in the exercise of discretion, with $30 costs and disbursements to defendant-appellant and plaintiff's motion to vacate dismissal of the action and to restore the cause to the calendar denied, with $10 costs. The inordinate delay in the prosecution of this action is unexplainable. The action was brought to recover for personal injuries allegedly sustained in an automobile accident occurring in June, 1956. The action was dismissed as to this plaintiff in November, 1961, but the dismissal was vacated by the court on plaintiff's motion and the action restored to the calendar in November, 1962. Later, when the cause was reached for trial in March, 1963, it was marked off the calendar for lack of appearance on behalf of the plaintiff. But in April, 1963, upon the request of plaintiff's then newly retained attorney, defendant's attorney stipulated to restore the case and it was so ordered by the court. Then, when the cause was again reached for trial on May 28, 1963, no one appeared for plaintiff, and the matter was further adjourned. Finally, when it appeared on the Trial Calendar on October 8, 1963, no one answered for plaintiff and the action was again dismissed. The motion to vacate such dismissal, resulting in the order appealed from, was not made until 10 months

later, namely, on August 18, 1964. No satisfactory excuse has been presented for the gross neglect in the matter of the prosecution of this action dating from the restoration of the cause to the calendar in November, 1962; and under the circumstances, it was an abuse of discretion to vacate the dismissal of the action. The request, made at about the time of the submission of this appeal, to serve and file a supplemental record on appeal to add the pleadings, a stipulation and certain court records is denied. The record on appeal with stipulation waiving certification was duly filed, and there was no timely or proper objection thereto. Furthermore, the pleadings, the stipulation and court records, have been referred to in the affidavits and briefs of the parties, and further consideration of the contents and effect thereof would not in any way affect the result. Concur — Botein, P. J., Breitel, Stevens, Eager and Staley, JJ.